Opinion by
Henderson, J.,
The question presented for our consideration on this appeal arises under the first section of the Act of May 31, 1897, P. L. 114, as amended by the Act of May 7, 1907, P. L. 168. The amended act invests every borough in the commonwealth with power to grade, pave, curb, macadamize and otherwise improve public streets or parts thereof without petition of property owners, when the streets or parts thereof to be improved do not exceed 1,000 feet in length “and connect two streets or parts of a street theretofore paved arid improved.” The borough undertook to pave Washington street under this act, it *48 being less than 1,000 feet in length and connecting Wayne street and Mill street which were alleged to be paved and improved streets. Exceptions were filed to the report of viewers assessing the cost of the improvement on the owners of the abutting property, one of the objections being that the street on. which the pavement was laid did not connect paved and improved streets within the meaning of the act of assembly. It is admitted that Wayne street was paved and improved, but the allegation is that Mill street was not, and the question for consideration is whether Mill street is paved and improved. The evidence shows that directly opposite the end of Washington street at Mill street there is a property known as the Walters Mill. In front of a part of this mill property and at the intersection of Washington and Mill streets a pavement was laid in 1909. This pavement covers the yard in front of the mill, which is private property, and also a portion of the street in front of the yard. The whole paved space on Mill street has a length of 130 feet, including the intersection of Washington street with Mill street. The slight evidence introduced on the subject leads to the conclusion that this pavement was put down by the owners of the mill. It at least does not appear that it was done by ordinance or by the borough authorities. The remainder of Mill street extending 500 feet and more to Main street is not paved. Negley avenue, which terminates at the intersection of Washington and Mill streets, is also an unpaved street. It thus appears that at the time Washington street was paved it had a paved and improved street at one end and a street at the other end which westwardly from the terminus of Washington street was called Negley avenue and eastwardly was called Mill street and which had a pavement covering 130 linear feet of the roadway. Can this be held to be a paved street within the meaning of the act of assembly? It was the purpose of the act to enable boroughs to connect paved streets by paved cross streets where the latter were short, and to do so at the cost of the property fronting on the cross streets. It was not *49 the intention, however, that a new system should be introduced for paving the streets of the city. It would hardly be contended that if the pavement on Mill street had consisted of the square at the intersection of Mill and Washington streets Mill street was a paved street. Such a construction of the act would make it possible to pave a large part of every borough at the expense of the owners without the petition of such owners. It would only be necessary for the borough to lay a few feet of pavement on any portion of parallel streets to produce the conditions permitting connecting streets to be paved at private charge even against the wish of the owners. It is the more reasonable view to hold that the paved and improved streets referred to in the statute are those which are in large part paved, — those which, in looking at them as a whole, could fairly be called “paved streets.” There is no definition of this term in the statute and it would be unreasonable to hold that each of the streets to be connected should be paved through its entire length before the statute could be made applicable, but something more than a patch of pavement on a long street is necessary to constitute a paved and improved thoroughfare. If as seems probable from the evidence and the lack of evidence the pavement on Mill street was a local improvement to the mill property and was not the result of an ordinance and official action it may be questioned whether it is a pavement at all, as contemplated by the statute. But, however that may be, we are satisfied that the existence of 130 feet of paving on Mill street as shown by the evidence does not constitute that street such a paved street as is necessary to afford support to the proceeding to pave Washington street. The pavement bears too small a proportion to the length of the street to permit the conclusion that it is a paved and improved street which may be connected with another paved and improved street by a pavement constructed under the statutes referred to.
It is suggested that the appellants are estopped from setting up this defense, but. the record discloses nothing *50 which precludes them from so doing. It was within the power of the borough to pave the street. The abutting owners were not interested in that unless it was to be done at their expense. There is no evidence that the appellants gave any encouragement to the council to make the expenditure or that they were called upon to act by any notice prior to the completion of the work. It does not even appear that they knew the pavement was in process of construction, and it is not shown that they neglected to speak when it was their duty so to do.
The decree is reversed and the report of viewers set aside at the cost of the appellee.
Porter, J., dissented.