## Washington Street, Butler Borough.

*Road law—Paving—Acts of May 7, 1907, P. L. 168, and May 14, 1913, P. L. 200—Municipal liens—Validating act.*

A municipal lien for paving a street filed in a proceeding where a borough has undertaken to pave a street on the mistaken assumption that it was a street connecting two paved streets, and thus within the Act of May 7, 1907, P. L. 168, is invalid, and is not validated by the Act of May 14, 1913, P. L. 200.

Argued May 11, 1915.  Appeal, No. 61, April T., 1915, by Butler, from order of C. P. Butler Co., Sept. T., 1913, No. 10, sustaining exceptions to report of viewers In re Washington Street, Butler Borough.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Exceptions to report of viewers.
The opinion of the Superior Court states the case.

*Error assigned* was order sustaining exceptions to report of viewers.

*John H. Wilson,* for appellant, cited: Com. v. Marshall, 69 Pa. 328; Chester v. Black, 132 Pa. 568; Donnelly v. Pittsburgh, 147 Pa. 348.

*John R. Henninger,* for appellees, cited: Butler's App., 73 Pa. 448; Monongahela Bridge Co. v. Pittsburgh & B. R. R. Co., 114 Pa. 478; Pittsburgh v. Pittsburgh Ry. Co., 47 Pa. Superior Ct. 476; Park Avenue Sewer, 169 Pa. 433; Murtland Street, 226 Pa. 478; Hammit v. Philadelphia, 65 Pa. 146; Washington Ave., 69 Pa. 352; Dawson v. Pittsburgh, 159 Pa. 317; Burns v. Reynoldsville Borough, 48 Pa. Superior Ct. 122; Carson v. Allegheny, 213 Pa. 537.

OPINION BY HENDERSON, J., July 21, 1915:

The borough undertook to pave a street pursuant to the Act of May 7, 1907, P. L. 168, which authorized any borough in the Commonwealth without a petition of property holders to grade, pave, curb, macadamize, or otherwise improve public streets or parts thereof where said streets or parts thereof do not exceed 1,000 feet in length and connect two streets or parts of a street theretofore paved and improved. The work was done on Washington street between Wayne and Mill streets. It was developed in the proceeding to charge abutting property owners with the cost of the improvement that the work was not done on a street connecting two streets theretofore paved and improved and the report of viewers assessing the costs, benefits and damages was set aside: Washington Street, Butler Borough, 51 Pa. Superior Ct. 46. After the passage of the Act of May 14, 1913, P. L. 200, validating municipal liens of the class therein described the appellant filed a new petition on which viewers were appointed. To the report filed by them exceptions were taken by certain of the abutting property owners which exceptions were sustained by the court; hence, this appeal. The principal objection to the proceeding is that the Act of May 14, 1913, does not apply to the state of facts presented by the record. That act was only made to cover cases where "owing to some defect in the petition or notice, or other proceedings necessary under existing laws and ordinances to give jurisdiction to such council, or owing to some defect in the ordinance, or for any other reason the cost of such improvement, or portion thereof cannot be legally assessed upon the property bounding and abutting upon the street or part thereof improved, as was contemplated by the act or acts of general assembly, under which the improvement was attempted to be made." By the very terms of the statute the work to which the curative act applies was such as was contemplated by the act or acts under which it was done. But the complaint of the ap-

Opinion of the Court. [60 Pa. Superior Ct.

pellees was that there was no act of assembly which contemplated such an improvement as was undertaken by the borough in this instance. There was no defect in the petition or notice or other proceedings nor was there objection on account of a defect in the ordinance. The infirmity in the whole case was that the borough undertook to pave a street without the required petition of the abutting property owners on the assumption that it was a street connecting two paved streets. The defect was in the facts necessary to bring the case within the provisions of the Act of May 7, 1907. No statute contemplated or authorized the paving of a street connecting a paved and improved street with one not paved and improved. The whole proceeding therefore on its facts was without support by any legislative permission and such permission was the only basis on which the proceeding could be undertaken at all. The words "or for any other reason" in the statute were not intended to have a wider application than the general scope of the statute. They are to be read in connection with the subject of the legislation and to be given effect only within the limits of the generally expressed purpose of the legislation. These considerations necessarily led to the conclusion arrived at by the court below and called for an affirmation of the order appealed from.

The order is affirmed.